# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VALENCIA RENA GARNER,**

    **Plaintiff,**

v.                                                                Case No: 6:17-cv-1453-Orl-18DCI

**WALMART DEPARTMENT STORE,
CLAYTON COUNTY POLICE
DEPARTMENT, CENTRAL
INTELLIGENCE AGENCY and U.S.
DEPARTMENT OF
TRANSPORTATION-CIVIL RIGHTS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter comes before the undersigned *sua sponte*.

Plaintiff, a resident of Fulton County, Georgia, filed the Complaint *pro se* against a Walmart department store located in Clayton County, Georgia, the "Clayton County Police Department," the Central Intelligence Agency, and the United States Department of Transportation on August 7, 2017. Doc. 1 at 1-3. The Complaint is difficult to comprehend, but appears to assert claims stemming from events that occurred in or about Clayton County, Georgia. *See id*. at 4-6.

A civil action generally may only be brought in a district where: 1) any defendant resides, if all defendants reside in the same state; 2) a substantial part of the events or omissions giving rise to the claim took place, or 3) the defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). A district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice. *See* 28

U.S.C. § 1404(a); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district). The court, though, must provide the parties with notice and an opportunity to be heard before transferring a case to another district court. *Tazoe*, 631 F.3d at 1336.

This case bears no nexus to the Middle District of Florida. The Complaint was filed by a resident of Georgia, against two federal agencies and a store and police department located in Clayton County, Georgia. Doc. 1 at 1-3. Further, it appears that the events giving rise to the Complaint occurred in or about Clayton County, Georgia, which is located in the Northern District of Georgia. *See id* at 4-6. Thus, on this record, the undersigned finds that the Northern District of Georgia, not the Middle District of Florida, is the proper venue for this action. Therefore, the undersigned recommends that the case be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division.[1]

Accordingly, it is **RECOMMENDED** that the Court **TRANSFER** this case to the United States District Court for the Northern District of Georgia, Atlanta Division for further proceedings.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[1] The Northern District of Georgia's local rules provide that actions from Clayton County, Georgia, shall be docketed in the Atlanta Division. Local Rules of the United States District Court for the Northern District of Georgia, Appendix A(I).

Recommended in Orlando, Florida on August 11, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy